IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth Syncere Rivera a/k/a Kenneth Rivera, | ) Case No. 8:12-cv-02219-JMC-JDA |
| Plaintiff, | ) **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | ) |
| Agency Director William R. Byars, Jr.; Warden Robert Stevenson, III; Sheila Boyd; Minnie Macon; and G. Gathers, | ) |
| Defendants. | ) |

This matter is before the Court on a motion for summary judgment filed by Defendants. [Doc. 28.] Plaintiff is proceeding pro se and brings this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

Plaintiff filed this action on August 1, 2012, against Defendants William R. Byars, Jr. ("Byars"), Robert Stevenson, III ("Stevenson"), Sheila Boyd ("Boyd"), Minnie Macon ("Macon"), and G. Gathers ("Gathers").[1] [Doc. 1.] Defendants filed a motion for summary judgment on January 17, 2013. [Doc. 28.] On January 18, 2013, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Plaintiff, this action was filed on August 1, 2012. [Doc. 1-5 at 1 envelope stamped received by prison mailroom on August 1, 2012).]

summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 29.] Plaintiff filed a response in opposition to the motion for summary judgment on February 22, 2013. [Doc. 45.] Accordingly, the motion is now ripe for review.

## **BACKGROUND**

Plaintiff, who was incarcerated at Broad River Correctional Institution ("Broad River") at the time of the alleged events giving rise to this action,[2] alleges that he has been denied the opportunity allowed by policy/procedure OP-21.04 to be present at his classification review hearings and has been denied the ability to present evidence to the committee in support of reducing his classification. [Doc. 1 at 5 ¶¶ 11–13.] Consequently, Plaintiff alleges denying him the opportunity to be present at his classification review hearings violates his First Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment, and Fourteenth Amendment rights; additionally, Plaintiff contends his rights under the Universal Declaration of Human Rights[3] were violated. [*Id.* at 6 ¶ 24.] Plaintiff seeks (1) a declaration that the acts and omissions of Defendants violated his rights under the Constitution and laws of the United States; (2) a preliminary and permanent injunction

---

[2] Plaintiff was released from custody during the pendency of this action. [Doc. 62 (notice of change of address).]

[3] Plaintiff's attempt to assert a § 1983 claim due to injury suffered to his civil rights under "Article 26 under the Universal Declaration of Human Rights" ("UDHR"), fails to state a cognizable claim. The UDHR is not a treaty or international agreement and "does not of its own force impose obligations as a matter of international law," *Sosa v. AlvarezMachain*, 542 U.S. 692, 734–35 (2004), much less create justiciable rights beyond those provided for in the Constitution. *See, Abebe v. Sutton*, 2012 WL 1096153, *1 (DSC, 2012). As the UDHR was a non-binding resolution of the United Nations General Assembly, and thus aspirational rather than prescriptive, the UDHR has no bearing on whether Plaintiff has suffered a violation of his rights contained in the United States Constitution, and cannot support Plaintiff's claims in the instant case. *See Sosa*, 542 U.S. at 734 (rejecting FTCA claim alleging "arbitrary arrest" in violation of the UDHR because "the Declaration does not of its own force impose obligations as a matter of international law").

ordering Defendants to stop discriminating against Plaintiff and to follow policy/procedure; (3) compensatory damages in the amount of $10,000 against each Defendant jointly and severally; (4) punitive damages in the amount of $10,000 against each Defendant; (5) a jury trial on all issues triable to a jury; (6) costs; and (7) any additional relief this Court deems just, proper, and equitable. [*Id.* at 6 ¶¶ 26-32.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983

"'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments.  This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

4

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson,* 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

In their motion for summary judgment, Defendants argue summary judgment should be granted because Plaintiff does not have a valid First Amendment claim; the Fifth and Sixth Amendments are not implicated in this action; Plaintiff's Eighth and Fourteenth Amendment claims fail; and Defendants are immune from this action under the doctrine of qualified immunity. [Doc. 28.] The Court agrees summary judgment should be granted.

**Claims for Injunctive and/or Declaratory Relief are Moot**

As an initial matter, because Plaintiff is no longer incarcerated at Broad River [*see* Docs. 27, 44, 48, 50, 62 (notices of change of address)], his claims are moot to the extent he is seeking injunctive and/or declaratory relief. *See Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005) (holding former detainee's request for injunctive relief was moot). Plaintiff's claims for monetary damages, however, survive his release from

Broad River, *see id.*, and, as public officials, Defendants are subject to suit for damages in their individual capacities[4] in a §1983 lawsuit, *see Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Goodmon v. Rockefeller*, 947 F.2d 1186, 1187 (4th Cir. 1991).

**Claims Related to Plaintiff's Classification**

As previously stated, to state a claim under §1983, Plaintiff must allege a violation of a right secured by the Constitution. *Mentavlos*, 249 F.3d at 310. The law is well settled, however, that an inmate has no constitutional right to receive a particular security classification. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) ("[A] prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation." (citation omitted)). To show a constitutional violation with respect to a custody classification, the conditions must exceed the sentence imposed or create an atypical or significant hardship in violation of a protected liberty interest. *See Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . .

---

[4]To the extent Plaintiff brings this suit against Defendants in their official capacities under § 1983, Defendants are entitled to immunity pursuant to the Eleventh Amendment from Plaintiff's claims for monetary damages. The Eleventh Amendment prohibits federal courts from entertaining an action against a state. *See, e.g., Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (per curiam) (citations omitted); *Hans v. Louisiana*, 134 U.S. 1, 10–11 (1890). Further, Eleventh Amendment immunity "extends to 'arm[s] of the State,' including state agencies and state officers acting in their official capacity," *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted). Therefore, Eleventh Amendment immunity protects state agencies and state officials sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983. *Id.* As a result, to the extent Plaintiff has alleged claims for monetary damages against Defendants in their official capacities under § 1983, those claims must be dismissed because Defendants in their official capacities are entitled to immunity pursuant to the Eleventh Amendment.

and is not otherwise violative of the Constitution.'" (citation omitted) (alterations in original)). Plaintiff does not allege atypical or significant hardship in this case.

Additionally, to the extent Plaintiff argues Defendants have violated SCDC policies or procedures by denying his attendance at meetings to review his classification, assuming without deciding this claim is true,[5] violations of prison policies and/or procedures do not rise to the level of a constitutional violation. *See United States v. Caceres,* 440 U.S. 741 (1978); *Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."); *Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C. 1992) (holding violations of prison policies that fail to reach the level of a constitutional violation are not actionable under § 1983). Because Plaintiff has failed to allege facts giving rise to a constitutional violation, Defendants are entitled to summary judgment.

Finally, Plaintiff's attempt to assert a § 1983 claim based on violation of his rights under "Article 26 under the Universal Declaration of Human Rights" ("UDHR"), fails to state a cognizable claim. The UDHR is not a treaty or international agreement and "does not of its own force impose obligations as a matter of international law," *Sosa v. AlvarezMachain*, 542 U.S. 692, 734–35 (2004), much less create justiciable rights beyond those provided for in the Constitution. Therefore, summary judgment is properly granted as to Plaintiff's claim.

---

[5]Boyd avers SCDC policy does not provide for a thirty-day hearing which an inmate may attend; rather, the review is an independent review of the inmate's progress, disciplinary infractions, behavior, security threats, etc. after which a Classification Caseworker makes a written recommendation to the Warden who approves or disapproves the recommendation. [Doc. 28-1 ¶ 8.]

**Qualified Immunity**

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity does not protect an official who violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id.* Further, qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

To determine whether qualified immunity applies, a court must determine "'whether the plaintiff has alleged the deprivation of an actual constitutional right at all[ ] and ... whether that right was clearly established at the time of the alleged violation.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Conn v. Gabbert*, 526 U.S. 286, 290 (1999)). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action[,] assessed in light of the legal rules that were 'clearly established' at the time it was taken ." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (citing *Harlow*, 457 U.S. at 819). For purposes of this analysis, a right is "clearly established" if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 640.

District court and court of appeals judges are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If a court decides in the negative the first prong it considers—i.e., the court decides the plaintiff has not alleged the deprivation of an actual constitutional right or the right was not clearly established at the time of the alleged violation—the court need not consider the other prong of the qualified immunity analysis. *See id.* at 243–45; *Torchinsky v. Siwinski*, 942 F.2d 257, 260 (4th Cir. 1991) (holding the court "need not formally resolve" the constitutional question of "whether the [plaintiffs] were arrested without probable cause" to address the plaintiffs' § 1983 claim; the court stated that it "need only determine whether [the defendant]—a deputy sheriff performing within the normal course of his employment—acted with the objective reasonableness necessary to entitle him to qualified immunity").

As discussed above, Plaintiff's allegations fail to demonstrate Defendants violated Plaintiff's constitutional rights. Therefore, Defendants are entitled to qualified immunity.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Defendants' motion for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 12, 2013
Greenville, South Carolina